[No. C002967. Third Dist. Oct. 18, 1990.]

In re the Marriage of LOIS A. and FRANKLIN M. GARCIA.
LOIS A. GARCIA, Appellant, v.
FRANKLIN M. GARCIA, Respondent.

COUNSEL

Sally K. Callahan and Callahan & Barbera for Appellant.

William Neil Shepherd for Respondent.

OPINION

SCOTLAND, J.—This case involves two issues which frequently arise in family law matters: (1) an order that one spouse pay a community debt in lieu of spousal support; and (2) the obligation of a spouse to compensate the community for the exclusive use of a community asset following separation.

After appellant (hereinafter wife) filed for dissolution of her 33-year marriage, pendente lite orders (Civ. Code, § 4357) granted her temporary use of the family residence and directed respondent (hereinafter husband) to make the mortgage payments "[i]n lieu of spousal support." In the ensuing judgment, the trial court found that wife's financial needs exceeded her income by an amount greater than the mortgage payment and ordered husband to continue making a portion of the mortgage payment in lieu of spousal support until the residence was sold. However, the trial court concluded that wife was required to reimburse the community for the rental value of the residence during her exclusive occupancy. Thus, it ordered her to pay husband $400 per month (one-half of the rental value) from the date of

separation until the residence was sold, for a total of approximately $15,000.

On appeal, wife contends that she, in effect, made the mortgage payments because husband was required to pay the mortgage as a form of spousal support. It follows, she argues, that since the payment approximated the home's monthly rental value, she owed the community no further compensation for her postseparation use of the family residence. Wife also asserts that the reimbursement order constituted an impermissible, retroactive modification of spousal support and was invalid under property law. Husband counters that no spousal support was ordered, paid or retroactively modified, and that wife was properly directed to compensate the community for her use of the residence.

We agree with wife. For the reasons stated below, we find that (1) the orders requiring husband to make mortgage payments "in lieu of spousal support" were spousal support orders which effectively compelled wife to devote her entire monthly support entitlement to payment of the mortgage; and (2) since wife, in effect, made the mortgage payment on the family residence, she was not required to reimburse the community for her exclusive use of this asset because its rental value approximated the mortgage payment and she did not obtain *Epstein* credits (*In re Marriage of Epstein* (1979) 24 Cal.3d 76 [154 Cal.Rptr. 413, 592 P.2d 1165]) for the mortgage payments she made. Accordingly, we shall reverse that portion of the judgment which requires wife to pay husband for her postseparation use of the residence.[1]

## FACTS AND PROCEDURAL BACKGROUND

A detailed review of the history of this case is necessary due to husband's claim that he never was ordered to pay spousal support.

The parties married in June 1951. Following their separation in June 1984, wife was awarded exclusive use of the family residence. On wife's order to show cause in August 1984, the superior court directed husband to make the entire $912 mortgage payment for the months of August and September "in lieu of spousal support." This obligation was extended by court orders in October and December 1984.

The issue of spousal support was next heard in March 1985. According to husband's income and expense declaration, his net monthly income was

---

[1] Because we conclude that the judgment must be reversed in part as a matter of family law, we need not consider wife's alternative argument that the judgment also violates principles of property law.

$2,333.98 based on a gross income of $4,083.73, and his monthly expenses were $1,912. Wife declared that her net income each month was $1,477.33 based on a gross of $2,373, and her monthly expenses were $4,172, including over $1,300 for mortgage, property taxes and insurance, and home maintenance. Noting that husband "has almost double" wife's income and "is cohabiting and sharing living expenses with an individual who has yet to disclose her income, but who is on his bank accounts and sharing dollar for dollar expenses with him," wife urged the court to require husband to continue making the house payment as spousal support. Acknowledging that he had been ordered to make the payment on the family home "as a form of spousal support," husband proposed that he pay wife "$500 a month, to be applied to the house payment, *not* as spousal support; and that wife be allowed to take all tax benefits from the house payment." Once again, the court ordered husband to make the entire mortgage payment "in lieu of spousal support."

In December 1985, under the heading "Modification . . . Spousal Support," husband moved to terminate the order requiring him to make the house payment in lieu of support. The motion was based primarily upon husband's claim that wife was cohabiting with a boyfriend in the family home. Wife denied the allegation, the court found insufficient evidence to support husband's claim, and the motion was dropped from the calendar.

In July 1986, husband filed another motion to terminate his duty to make the mortgage payments. He noted that the court had ordered the family residence to be sold, that he had "agreed not to file a motion to modify spousal support, with the understanding that the parties would cooperate in the sale and that his obligation to continue making the payment would cease when the residence was sold" but that wife was refusing to cooperate with the sales process, and that requiring him to make the house payment was "far and above the local county [spousal support] guidelines." Following a hearing, the court reduced husband's payment to $681.31 and ordered wife to pay the remainder of the mortgage.

Trial commenced on July 30, 1986. We have not been provided a reporter's transcript of that proceeding. However, we can glean husband's position on the issues from points and authorities he filed at the trial court's request. With respect to spousal support, he proposed that the then-existing order requiring him to make payments toward the home mortgage be continued for three months and thereafter he pay spousal support of no more than $150 per month. As to the issue before us, he contended "that since [wife] has had the exclusive use and possession of [the family] home since the parties separated, she should reimburse the community at its fair rental value which is $800 per month."

In its tentative decision, the trial court stated: "Husband requests a charge for the reasonable rental value of the residence during wife's occupancy since separation. Wife was given exclusive use of the residence. On March 29, 1985, husband was ordered to make the monthly payment on the residence in lieu of spousal support. The payments on the residence are approximately $925.00 per month. The rental value of the residence is $800.00 per month. Wife obviously does not owe any *Epstein* credits to husband because of his payment of her share of the mortgage. Wife, however, *does* owe husband one-half the rental value of the residence. Accordingly, wife shall pay husband $400 per month from the date of separation until the house sells." (Italics in original.)

Although wife did not make a timely request for a statement of decision, she filed an "objection" to the tentative decision in which she claimed that the order for reimbursement was an impermissible retroactive modification of spousal support. The trial court rejected wife's objection, and judgment was entered.

Consistent with the tentative decision, the judgment ordered wife to compensate husband for wife's postseparation use of the family residence. As for spousal support, the judgment states that the court found wife's net monthly disposable income to be $1,775, but that "her needs including the mortgage payment on the family residence, are approximately $3,000.00 per month . . . ." Finding husband's net monthly disposable income to be $2,500, with expenses of $2,500 including the mortgage on the family home, the court ordered husband to "continue to pay the portion of the mortgage payment in lieu of support as heretofore ordered on the family residence until it is sold with the court reserving jurisdiction to award support to [wife] and upon final sale of the residence, the support obligation shall be subject to modification." This appeal followed.

### DISCUSSION

The legal principles which underlie this dispute are well established. ▮▮▮ Where one spouse has the exclusive use of a community asset during the period between separation and trial, that spouse may be required to compensate the community for the reasonable value of that use. (*In re Marriage of Watts* (1985) 171 Cal.App.3d 366, 372-374 [217 Cal.Rptr. 301]; *In re Marriage of Tucker* (1983) 141 Cal.App.3d 128, 136 [190 Cal.Rptr. 127]; Hogoboom & King, Cal. Practice Guide: Family Law (Rutter 1990) 8:196.1.) A corollary of this principle is that where the asset is not owned outright by the community but is being financed, and the monthly payments equal or exceed the reasonable value of the asset's use, the spouse may satisfy the duty to compensate the community for use of the

asset by making the monthly finance payments from his or her separate property. (*Ibid.*; see *In re Marriage of Epstein, supra*, 24 Cal.3d at pp. 84-85; *Marriage of Hebbring* (1989) 207 Cal.App.3d 1260, 1271 [255 Cal.Rptr. 488]; *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548, 564 [206 Cal.Rptr. 641]; *In re Marriage of Smith* (1978) 79 Cal.App.3d 725, 747 [145 Cal.Rptr. 205]; Adams & Sevitch, Cal. Family Law Practice (8th ed.) § D.89.)

This duty to compensate often is invoked to reject a claim by the paying spouse that the community should reimburse him or her for the monthly payments even though the spouse had the exclusive use of the asset. "Thus, reimbursement will usually not be ordered for payments on obligations on the family home made by the spouse remaining in the home, or for automobile payments made by the spouse using the vehicle between separation and trial." (*Hebbring, supra,* 207 Cal.App.3d at p. 1271.)

The case before us presents the mirror image of the situation discussed in *Hebbring*. The result must be the same. Where a spouse with exclusive use of a community asset after separation makes the monthly finance payments on the asset, he or she is not required to further compensate the community for use of the community asset where the monthly finance charges equal or exceed the reasonable value of said use each month and the paying spouse does not obtain *Epstein* credits for the monthly payments.

Application of this principle to the present case turns on a determination of the character of husband's obligation to make the mortgage payments "in lieu of spousal support."

Wife does not dispute that she had exclusive use of the family residence during the period between separation and trial. Nor does she dispute that the community was entitled to compensation for the reasonable value of said use. She contends, however, that she already had satisfied her duty to compensate the community because it was she who, in effect, had paid the mortgage. This is so, she reasons, because the mortgage was paid by husband in lieu of spousal support, i.e., with funds that wife otherwise would have received in cash for her support; the fact that husband sent them directly to the mortgage holder is irrelevant. Thus, she claims that the trial court, by acceding to husband's request that she pay him one-half of the rental value, "essentially ordered Wife to reimburse Husband for spousal support received by her, and as such is [an impermissible] retroactive modification of the spousal support orders . . . ."

Husband counters by claiming "[t]he record is abundantly clear that the Wife was not awarded spousal support." Rather, he argues, "The trial court specifically ordered the Husband to make the house payment 'in lieu of'

spousal support. There is no possible interpretation of 'in lieu of', other than there will be no temporary spousal support and instead, we will order the Husband to make the house payments."

Wife, not husband, correctly characterizes the awards.

█ It is permissible to include in a spousal support order a requirement that the payment of overdue or future debts, or a portion thereof, be made to third parties. (Civ. Code, § 4358; *In re Marriage of Epstein, supra,* 24 Cal.3d at p. 85; *In re Marriage of Chala* (1979) 92 Cal.App.3d 996, 1000 [155 Cal.Rptr. 605]; *Bushman* v. *Superior Court* (1973) 33 Cal.App.3d 177, 181-183 [108 Cal.Rptr. 765]; *In re Hendricks* (1970) 5 Cal.App.3d 793, 797-798 [85 Cal.Rptr. 220].) As explained in *Chala,* spousal support is intended to meet the future living expenses of the supported spouse. Where payment of a continuing debt to a third party is related to such living expenses, it "is clearly a form of spousal support . . . ." (*Chala, supra,* at p. 1002.) For example, if the wife is living in the family residence and the husband is not, an order requiring the husband to pay all or part of the monthly mortgage is justifiable as spousal support because it meets the wife's need for housing. (*Ibid.*) Similarly, the supporting spouse may be ordered to pay past unpaid debts as spousal support, because an award which does not expressly encompass such debts may be depleted by creditors demanding payment from the spouse receiving the support award, thereby reducing the supported spouse's ability to meet current living expenses. (*Ibid.*)

In some cases, an order for payment of a debt to a third party as a form of spousal support has an important, and sometimes necessary, incidental benefit. It may ensure that the spousal support award will be used for a required living expense rather than be squandered on unnecessary things. Moreover, an order for payment of a continuing debt as a form of temporary spousal support may serve to guarantee that a community asset will be preserved pending trial. For example, an order to pay the mortgage on the family residence provides the supported spouse with needed housing while maintaining the community asset.

█ Contrary to husband's argument, there is an ambiguity lurking in the trial court's use of the phrase "in lieu of spousal support." When used in conjunction with the term "in lieu of," the words "spousal support" could refer either to husband's legal duty to pay spousal support or to the payments by which that duty is discharged. Thus, it could be argued that the court may have ordered husband to pay the mortgage *in lieu of any duty to pay support,* or it may have directed him, in the discharge of his support duty, to pay the mortgage *in lieu of any other form of payment.* Husband can prevail in his quest to be compensated for wife's exclusive use of the

family residence only if the orders are construed as rejecting any duty of support. Only then would wife be foreclosed from asserting that the mortgage payments effectively were made by her and satisfied her requirement to compensate the community for her exclusive use of the home.

Several factors persuade us that husband's interpretation of the orders is untenable, and that spousal support orders were imposed.

Civil Code section 4357 allows the superior court to award temporary spousal support during the pendency of the dissolution proceeding. Such awards are within the court's discretion and are based on the relative needs of the parties and their respective abilities to pay. (*In re Marriage of Stich* (1985) 169 Cal.App.3d 64, 71-74 [214 Cal.Rptr. 919]; Hogoboom & King, *op. cit. supra*, 5:6; Adams & Sevitch, *op. cit. supra*, §§ N.13-N.20.2; 11 Witkin, Summary of Cal. Law (9th ed. 1990) Husband and Wife, § 181, p. 215.) These factors suggest that the judges who fashioned the pendente lite orders for payment of the mortgage in lieu of spousal support exercised their discretion in favor of awarding temporary support; wife's needs exceeded her income, and husband had sufficient income to enable him to pay support—he made more than his monthly living expenses and apparently was sharing these expenses with a companion.

Courts have recognized that the existence of a need for support is a prime consideration in determining whether a given payment is, in reality, in discharge of an obligation of support. (*In re Marriage of Epstein, supra*, 24 Cal.3d at p. 86, fn. 5; *In re Marriage of Smith, supra*, 79 Cal.App.3d at p. 748.) A second key consideration is whether the payment was in addition to reasonable support already being provided by the paying spouse, either pursuant to or in the absence of a court order. (*Ibid.*) Because wife needed support, but husband was not providing it in any other form, the inference is compelling that the mortgage payments were intended as a form of support.

Language in the pendente lite orders after hearing also support this conclusion. The first two orders expressly provided that husband "shall pay as spousal support [¶] (1) To [wife] [¶] (2) Amount: $ [¶] In lieu of spousal support, . . . [husband] shall make the entire payment on the family residence . . . ." The December 1984 order continued the prior orders in full force and effect. The March 1985 minute order states, "The court orders support to petitioner in the amount of $912 [the sum of the house payment] . . . ." The order after hearing specifies that the payment be made on the mortgage in lieu of spousal support.

We note, as well, that during the pendente lite hearings, husband took a position contrary to that which he advances on appeal. In a "Statement of

Issues and Proposed Disposition of Temporary Support" filed February 25, 1985, husband's former attorney acknowledged, "On August 27, 1984, [husband] was ordered to pay the entire house payment on the family home, which is currently occupied by [wife], *as a form of spousal support.*" (Italics added.) This concession in superior court undermines the position husband now takes on appeal.

Similarly, the trial court's judgment leads to the conclusion that the continuing order for mortgage payments was intended as spousal support. First, in its tentative decision, which is consistent with the judgment, the court placed the direction to make mortgage payments in lieu of support under the heading, "Spousal Support." Second, in the judgment, the court stated that "upon the final sale of the residence, the support obligation shall be subject to modification." The term "modification" presupposes the existence of a support order to be modified. Third, the trial court directed husband to name wife as beneficiary of his life insurance in order "to secure payment of the support obligation." Had no spousal support award been in existence, this directive would have been unnecessary. In sum, we find the trial court's judgment incompatible with husband's contention that no spousal support had been ordered.

Our conclusion that spousal support orders were issued is further bolstered by considerations of policy. "The amount of temporary support is usually fixed in a manner which will assure to the extent financially possible, that payments on debts will be made, to preserve both the community assets pending trial and the credit standing of the spouses." (*In re Marriage of Hebbring, supra,* 207 Cal.App.3d at pp. 1270-1271.) In directing husband to fulfill his spousal support duty by making payments directly to the mortgage holder, the court assured that the mortgage would be paid, that the home would not be lost to foreclosure before the proceedings had concluded, and that the parties' credit standing would not be needlessly impaired. Supported spouses could not be expected to acquiesce in such orders if they are thereby exposed to a reimbursement claim like that asserted by husband. As wife points out, had she known that she would have been ordered to reimburse the community for her use of the family residence, she would have sought a support payment in cash and made the house payments herself.

Lastly, we note that, although the phrase "in lieu of spousal support" would appear ambiguous to one who is unfamiliar with the practice of family law, it is a term of art commonly used by family law courts and practitioners to describe a spousal support award comprised of payments other than cash to the supported spouse. Common sense leads to the conclusion that the court would not have used this term unless the court meant

the award to be a spousal support order. For example, if the court simply were making a pendente lite order for the payment of a community obligation, for which the paying spouse may later be entitled to *Epstein* credits, it could have said so; there would have been no purpose served by deeming the order to be "in lieu of spousal support." By its very nature, the term presupposes a spousal support obligation. Although we have undertaken a technical analysis of this term under the circumstances presented by this case, we have no doubt that at the time the pendente lite orders were made, the parties, their attorneys and the court understood that the orders were spousal support awards.[2]

Nevertheless, husband cites *In re Marriage of Watts, supra,* 171 Cal.App.3d 366, for the proposition that the determination whether to order compensation for the exclusive use of a community asset "should be made after taking into account all the circumstances under which exclusive possession was ordered." *(Id.,* at p. 374.) He states, without citation to authority or the record, that while this case was pending the Placer County Superior Court adopted temporary support guidelines which would have limited wife's monthly support to less than $200, far less than the $925 he had been paying on the mortgage. He argues that wife "flagrantly violated the court's order that she cooperate in the sale of the residence, took no action to move the case towards its conclusion, kept the use of the residence and all of the furnishings from the date of separation, June 1984, until long after the trial in 1986, and the Judgment in 1987." Thus, he claims, "Here the trial court considered all these circumstances and determined that reimbursement was necessary."

Nothing in the record supports husband's claim that the reimbursement order was premised on the enactment of the support guidelines or on wife's alleged lack of cooperation. Even if it were, it could not be sustained on that basis. ■ The trial court's authority to consider "all the circumstances" in determining whether to order compensation does not include the authority to award reimbursement if it concludes that a prior temporary support order was too generous. Civil Code section 4357 provides that a temporary support order "may be modified or revoked at any time *except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke."* (Italics added.) This statute has been construed to prohibit retroactive modifications of temporary support. *(In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 740 [137 Cal.Rptr. 568].) Had the trial court awarded husband compensation for wife's use of the family residence on the ground that the prior orders

---

[2] While we find that the orders compelling husband to make mortgage payments in lieu of spousal support were, in fact, spousal support awards, we are not called upon to deal with the tax consequences of these orders since the parties did not raise this issue.

had been too generous, its action would be invalid as a retroactive modification of those prior orders.[3]

■ In sum, the record before the trial court showed that prior to July 1986, the entire mortgage payment (in excess of $900) was made from spousal support funds that effectively were wife's separate property. After the support order was modified in July 1986, the major portion of the payment was made from support funds, with the remainder paid from wife's separate property. Thus, at all times wife's payments exceeded the $800 per month rental value fixed by the trial court. Wife did not seek, and did not receive, *Epstein* credits for payment of the mortgage. Accordingly, the mortgage payments satisfied her responsibility to compensate the community for her exclusive use of the home. Further compensation should not have been ordered.

## DISPOSITION

That portion of the judgment directing wife to pay husband $400 per month from the date of separation until the family residence is sold is reversed. In all other respects, the judgment is affirmed. Wife shall recover her costs on appeal.

Carr, Acting P. J., and Marler, J., concurred.

---

[3] Husband devotes a substantial portion of his brief to arguments that, because wife did not request a statement of decision or provide a reporter's transcript of the 1986 trial, she may not challenge the factual underpinnings of the judgment. She does not do so. Her contention is that the reimbursement order is invalid as a matter of law. The present record suffices to resolve that contention.