[No. A071138. First Dist., Div. Three. Sept. 27, 1996.]

In re the Marriage of JEANN A. and JOHN EDGAR STIMEL.
JEANN A. STIMEL, Appellant, v.
JOHN EDGAR STIMEL, Respondent.

## COUNSEL

Nicolette Mandl and Robert A. Roth for Appellant.

Lorence L. Timm for Respondent.

## OPINION

CORRIGAN, J.—When a supported spouse seeks an order directing her former husband to apply for life insurance naming her as beneficiary and stipulates that she will pay the insurance premiums herself, is the motion a request for modification of spousal support requiring a showing of a material change in circumstances? We have determined the proper response is "no." Accordingly, we reverse and remand.

### Factual Background

Following 31 years of marriage, John and Jeann Stimel separated in March 1992. John[1] was employed as an investigator for the Department of Motor Vehicles earning $3,579 per month. He also received a monthly pension of $2,420 from the Oakland Police Department retirement fund. Jeann was employed as a secretary earning $2,554 per month. The couple had accumulated numerous assets including a home, various investments and bank accounts, and cars. They had no minor children.

Jeann filed a petition for dissolution, and the parties entered into an oral stipulation on issues of property, support, and marital status. As part of the agreement, Jeann was to receive half of John's monthly pension income. Additionally, John agreed to pay spousal support of $300 per month. The agreement specified that the amount of support was based on the parties' income at the time and was subject to modification upon motion by either party, without a showing of a change in circumstances. A final judgment of dissolution incorporating the parties' agreement was entered nunc pro tunc as of December 2, 1992. In November 1993, the parties modified their agreement. Upon discovering that John's police pension did not include survivor benefits, Jeann opted to exchange her half of the pension for other assets.

On August 5, 1994, Jeann moved to modify spousal support. Her monthly income had decreased substantially. Following a job transfer, she experienced a $364 reduction in monthly salary. She no longer received income

---

[1]Because the parties bear the same surname, we use their given names to avoid confusion. (Cf. *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475, fn. 1 [274 Cal.Rptr. 911].)

from John's pension. She used savings to meet expenses and had unpaid medical bills. John, whose own income had increased by $703 per month, opposed the motion.

Following a stipulation, the court issued a permanent spousal support award of $900 per month with yearly adjustments based on the Consumer Price Index. By its terms, the order continued "until death of either party or remarriage of petitioner" and was "non-modifiable until retirement or involuntary loss of employment."

Approximately one month later, Jeann filed this motion for an injunctive order directing John to apply for term life insurance in the sum of $150,000, naming Jeann as beneficiary. The motion was filed under Family Code[2] section 4360, which authorizes the trial court, in conjunction with a spousal support award, to require the obligor spouse to maintain life insurance for the benefit of the supported spouse ". . . where it is just and reasonable . . . so that the supported spouse will not be left without means of support in the event that the spousal support is terminated by the death of the party required to make the payment of support." (§ 4360, subd. (a).) In a signed declaration in support of the motion, Jeann said, ". . . it is most unlikely that I will be able to earn enough to support myself without continued support from [John]." Jeann claimed that John had refused to obtain such insurance voluntarily. She said she herself would pay for the cost of the insurance and any medical examination that might be required.

John opposed the motion, arguing that Jeann's request was tantamount to a motion to modify spousal support and failed to establish a change in circumstances. The trial court agreed with John's assessment and denied the motion on this procedural basis. The court noted that the matter of life insurance had not previously been before the court and was not a factor in the permanent spousal support award.

## Discussion

 Jeann challenges the trial court's characterization of her motion as tantamount to a motion to modify a spousal support award, requiring a change in circumstances. She maintains that the requested order for life insurance is not a form of support inasmuch as she, not John, will pay the insurance premiums. She points out that the only burden on John would be making application for the insurance and submitting to a physical examination. Jeann's argument is persuasive.

 Section 4300 provides that it is a person's duty to support his or her spouse. The term "support" is defined as "a source or means of living;

[2]All further statutory references are to the Family Code.

subsistence, sustenance, maintenance, or living. In a broad sense the term includes all such means of living as would enable one to live in the degree of comfort suitable and becoming to his station of life. It is said to include anything requisite to housing, feeding, clothing, health, proper recreation, vacation, traveling expense, or other proper cognate purposes; also, proper care, nursing, and medical attendance in sickness, and suitable burial at death." (Black's Law Dict. (6th ed. 1990) p. 1439, col. 2.)

"Support" may encompass payment of a supported spouse's medical insurance premiums (*In re Marriage of Benjamins* (1994) 26 Cal.App.4th 423, 430-431 [31 Cal.Rptr.2d 313]); mortgage payments on the family residence (*In re Marriage of Garcia* (1990) 224 Cal.App.3d 885 [274 Cal.Rptr. 194]); maintenance of life insurance on the supporting spouse's life (*In re Marriage of O'Connell* (1992) 8 Cal.App.4th 565 [10 Cal.Rptr.2d 334]); and satisfaction of a supported spouse's attorney fees (*In re Gwinn* (Bankr. 9th Cir. 1982) 20 Bankr. 233).

"[O]rders to pay overdue community debts, or to pay the supported spouse's future debts, have also been held to be a form of spousal support. [Citations.] The rationale behind these rulings is to ensure an award will be adequate to meet the supported spouse's living expense and not be depleted by creditor demands. [Citation.]" (*In re Marriage of Benjamins*, *supra*, 26 Cal.App.4th at pp. 430-431.)

Clearly, if Jeann were asking the trial court to direct that John obtain *and* pay for life insurance, her request would properly be deemed a request for additional support and she would have to establish a change in circumstances as a prerequisite to such relief. A material change in circumstances is required whenever a party seeks to either increase or decrease an existing spousal support award. (*In re Marriage of Smith*, *supra*, 225 Cal.App.3d at pp. 482-495.) "Otherwise, dissolution cases would have no finality and unhappy former spouses could bring repeated actions for modification with no burden of showing a justification to change the order." (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412-413 [6 Cal.Rptr.2d 791].)

Just as clearly, however, the fact that Jeann plans to pay the insurance premiums herself distinguishes her request from one for additional support. Although the purpose of her motion is to ensure ongoing income in the event of John's death, the grant of her motion would impose no financial burden on John. It would effect no change to the present level of support. Jeann's action is one she wishes to undertake and pay for to ensure her *own* continued support. She seeks no additional financial contribution from her

former spouse. To require a change in circumstances in this situation is both unfair and unfounded.

Accordingly, the trial court erred in treating Jeann's motion as a motion to modify spousal support. This leaves us with yet another question. If the relief sought is not a form of support, how is it properly characterized and under what authority could it be granted?

Jeann cites section 4360 as authority for her motion. However, as previously noted, the provision for insurance under this statute relates to the issuance of a spousal support award. It contemplates that the insurance premiums will be paid by the supporting spouse.[3] Because Jeann's motion seeks to impose no financial burden on John, it is not properly characterized as requiring additional support from him. Thus, section 4360 is not the proper basis on which to predicate relief.

Section 2010, however, does provide a basis for relief. Section 2010 vests the trial court with jurisdiction "to inquire into and render any judgment and make orders that are appropriate *concerning* . . ." certain specified matters including spousal support. (§ 2010, subd. (d), italics added.)[4] The power to issue orders under section 2010 has been construed to include injunctive orders. (See *In re Marriage of Van Hook* (1983) 147 Cal.App.3d 970, 980-986 [195 Cal.Rptr. 541] [discussing section 2010's predecessor, Civil Code former section 4351].) While the relief sought by Jeann is not support *per se* it certainly *concerns* support in that insurance payments would ensure continuing financial assistance upon John's death. Accordingly, we hold that the trial court has authority under section 2010 to hear and decide Jeann's motion.

By our decision, we do not in any way pass judgment on the merits of Jeann's motion. Resolution of that question remains within the sound discretion of the trial court. We simply hold that Jeann need not establish changed circumstances, because she is not seeking additional spousal support from John.

---

[3]The California Law Revision Commission Comment on section 4360 states in part: "[I]f the support obligor is insurable, this section authorizes the court to order that the support obligor obtain and maintain insurance and name the supported spouse as beneficiary." (Cal. Law Revision Com. com., 29D West's Ann. Fam. Code (1994 ed.) foll. § 4360, p. 699.)

[4]The jurisdiction over spousal support is statutorily extended "indefinitely" in marriages of "long duration" like the one at bar, "[e]xcept on written agreement of the parties to the contrary or a court order terminating spousal support . . . ." (§ 4336, subd. (a).)

## Disposition

The June 22, 1995, order denying Jeann's motion is reversed, and the matter is remanded for further consideration pursuant to section 2010. Each party is to bear its own costs on appeal.

Phelan, P. J., and Parrilli, J., concurred.