Filed 11/17/14  Marriage of Childers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CAROL CHILDERS and TIMOTHY C. CHILDERS. | H039706 (Santa Cruz County Super. Ct. No. FL12303) |
| CAROL CHILDERS,<br><br>        Respondent,<br><br>        v.<br><br>TIMOTHY C. CHILDERS,<br><br>        Appellant. | |

Appellant Timothy C. Childers appeals an order modifying his spousal support obligations to his former wife Carol.[1]  Timothy argues the trial court abused its discretion by suspending part of his spousal support obligations, by requiring him to file evidence monthly of his efforts to find work, and by failing to make the modification retroactive to the date he served Carol with the request to modify support.  Timothy further argues that the trial court's order is not supported by substantial evidence.  For the reasons stated here, we will affirm.

## I.    TRIAL COURT PROCEEDINGS

After being married for 22 years, Timothy and Carol separated in 2000 and signed a stipulated dissolution judgment in August 2001.  As relevant to this appeal, the

---

[1] For clarity, and meaning no disrespect, we will refer to the parties by their first names.

judgment provided that Timothy would pay spousal support of $1,600 per month until August 2005, at which time the amount would reduce to $1,300 per month and continue indefinitely. The parties agreed that the "court retains jurisdiction indefinitely over spousal support."

In July 2002, the trial court granted Timothy's request to reduce his spousal support obligation because he had been laid off from his job. The court "suspended/abated" spousal support and ordered Timothy to continue looking for employment. The court further ordered Timothy to make a monthly report to Carol of all sources of income, his efforts to find work, and the details of any future employment.

In February 2012, Carol filed an order to show cause regarding spousal support, alleging that Timothy never provided her the required monthly reports of income and employment and that she believed Timothy was currently employed. Carol also asked the court to hold Timothy in contempt for his failure to submit monthly income reports to her.

After a hearing in October 2012, the court declined to hold Timothy in contempt, noting that although he admitted he had not provided Carol monthly reports, her request was "barred by the combined application of the equitable doctrine of laches, and the statute of limitations." In thorough written "Permanent Spousal Support Findings Per [Family Code section 4320[2]] and Orders Thereon," the court noted that the stipulated judgment did not contain a termination date. The court found that the parties' marital lifestyle "depended largely on Timothy's salary" and that Timothy's income had decreased from over $90,000 per year at the time of the judgment to about $60,000. Though Timothy's income decreased, he had obtained a real estate license as well as architectural training. Carol had maintained the same job at a non-profit food program which together with two side jobs generated a monthly income of $2,435. The court

---

[2] Unspecified statutory references are to the Family Code.

2

found that Carol's expenses, although modest, still exceeded her income by $400. The court determined that Carol was earning at her maximum capacity but that Timothy "appears to have continued earning capacity at his current level as well as the ability to supplement it" through real estate sales. Regarding their respective levels of health, the court noted that Carol suffered from numerous ailments, "including severe osteo-arthritis in both legs, asthma, and neck spasms" while, based on the evidence before it, Timothy was "reasonably healthy for his age."

In light of the foregoing factors, and cognizant that neither party would be eligible for Social Security benefits for another ten years, the court found that "Carol does not have sufficient financial and property resources and earning capacity to support herself at a level consistent with the marital standard of living so she has demonstrated a need for permanent spousal support." Specifically, the court ordered Timothy to pay Carol $700 per month, retroactive to March 1, 2012. The court further ordered Timothy to pay $100 per month "on the arrearage," presumably meaning the spousal support incurred between March 1, 2012 and the October 2012 order.

Less than six months later, in February 2013 Timothy filed a request to modify his spousal support obligation after he was laid off. In an accompanying income and expense declaration, Timothy estimated his monthly income would be $2,075 ($1,983 in unemployment benefits and $92 in rental income), his monthly expenses were $3,698, and his present spouse contributed $450 per month to expenses. Timothy also alleged health problems including a back injury requiring epidural shots, carpal tunnel syndrome, and psychological therapy sessions that were not covered by his health insurance.

At the March 25, 2013 hearing regarding Timothy's request, the court stated it was "going to reduce his -- suspend his support by $200 a month, so the support's reduced to $500 a month" as well as $100 per month toward the arrears, for a total of $600 per month, and that the matter would be continued monthly "until you get a job and we can go back to the $700 that was set previously." Timothy's attorney informed the court that

3

he was "looking diligently for a job," to which the court responded: "Good. He escaped years of support payments by fluke, basically." His attorney also stated Timothy "understand[s] that he has an affirmative obligation to go out and find a job and to notify Ms. Childers immediately."

The court set a review hearing for April 2013. When Timothy's attorney requested that the court move the matter to May because the attorney was going to be out of town, the court denied the request, stating that Timothy "has a whole history of basically acing Ms. Childers out of support that she was entitled to under a judgment, and I'm not going to let this case slide. So he's going to come in every month and tell us what his work[] efforts are." The court imposed a "seek work" order requiring Timothy "to prove that you've sought five different types of employment or five job interviews every week, and bring that proof in with you each time you come to court until you get new employment." The court stated the modification was effective "today," March 25, 2013. In April 2013, the court signed an order after hearing consistent with its oral pronouncement.

## II. DISCUSSION

Except under circumstances not present here, "a support order may be modified or terminated at any time as the court determines to be necessary." (§ 3651, subd. (a).) To obtain a modification, the moving party must show a "material change in circumstances since the last order," meaning "a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs." (*In re Marriage of West* (2007) 152 Cal.App.4th 240, 246 (*West*).) While a change of circumstances is a necessary prerequisite to a modification of spousal support, " 'the converse is not true; a showing of changed circumstances does not necessarily mandate a modification of spousal support.' [Citation.]" (*In re Marriage of Khera and Sameer* (2012) 206 Cal.App.4th 1467, 1484.)

4

When deciding whether to modify a spousal support order, the trial court considers the factors in section 4320, (*West, supra,* 152 Cal.App.4th at p. 247), including "[t]he ability of the supporting party to pay spousal support, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living." (§ 4320, subd. (c).) The court's consideration is "limited to the conditions and circumstances existing at the time the [modification] is made." (*In re Marriage of Tydlaska* (2003) 114 Cal.App.4th 572, 576.) Further, "[a]ll matters which were at issue in the original dissolution proceedings and which were disposed of by the decree are res judicata." (*In re Marriage of Mulhern* (1973) 29 Cal.App.3d 988, 992.) We review spousal support modifications for an abuse of discretion. (*West*, at p. 246) In exercising its discretion, the trial court must follow the law, and substantial evidence must support its findings. (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47.)

## A. THE SPOUSAL SUPPORT ORDER

### 1. The Trial Court Did Not Abuse its Discretion By Using the Word "Suspend"

Timothy argues that the trial court abused its discretion under section 3651, subdivision (a) by "suspending" Timothy's support obligations rather than modifying or terminating them. Timothy cites *In re Marriage of Murray* (2002) 101 Cal.App.4th 581 (*Murray*), where the appellate court reversed a trial court order that suspended a temporary spousal support order, "subject to retroactively reinstating the full amount if [the trial court] subsequently determine[d] the facts upon which the reduction was based were inaccurate or incomplete." (*Id.* at pp. 593-594.) Central to the *Murray* court's reasoning was that the trial court's order allowed for retroactive modification of the support order "beyond the date the underlying request for modification was filed," contradicting section 3653, subdivision (a), which establishes the filing date of the request as "the outermost limit of retroactivity." (*Murray,* at p. 595.)

5

In contrast to *Murray*, here the trial court reduced Timothy's spousal support obligation effective March 25, 2013, and never mentioned any intention to *retroactively* reinstate the full amount of support. Both section 3653 and the court's written order would foreclose it from doing so. The court specifically described the change in support as being "until [Timothy] get[s] a job and we can go back to the $700 that was set previously" and ordered support "temporarily reduced to $500 a month because of his loss of employment." We find no abuse of discretion in the court's reference to partially "suspend[ing]" support during a period of temporary employment in anticipation of a *future* return to the previous support amount.

**2. The Trial Court Did Not Abuse its Discretion By Referring to Timothy's Noncompliance with the 2002 Spousal Support Modification**

Timothy argues that the trial court improperly considered his noncompliance with the July 2002 spousal support modification. He points to the court's reference to Timothy "escap[ing] years of support payments," and argues that by these references the court "effectively granted Carol support for the years in which Timothy had no obligation." " ' "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140.) "When the record clearly demonstrates what the trial court did, we will not presume it did something different." (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1384.)

Timothy makes no affirmative showing of error and the record does not demonstrate that any error occurred. While the trial court referred to Timothy's previous noncompliance, it did so to explain the reasons for imposing the "seek work" order and for refusing to grant Timothy's attorney's request to delay the first monthly review hearing. There is no indication that the court set the reduced support amount based on past failure to comply with a court order. In the absence of any affirmative showing to

6

the contrary, we presume the trial court used the most recent order from October 2012 as its starting point and reduced Timothy's support obligation from $700 to $500 per month based on the parties' respective circumstances existing at the time of Timothy's 2013 request.

### 3. Substantial Evidence Supports the Trial Court's Findings

Timothy claims the trial court's reduction of his spousal support obligation was not supported by substantial evidence because he did not have the ability to pay even the reduced amount. A party seeking to modify a support order must show a "material change in circumstances since the last order," which includes "a reduction ... in the supporting spouse's ability to pay ... ." (*West, supra,* 152 Cal.App.4th at p. 246.)

At the March 2013 hearing, the court acknowledged that Timothy had lost his job, impliedly finding that to be a material change of circumstances, and reduced Timothy's spousal support obligation from a total of $800 per month under the October 2012 order ($700 plus $100 toward the arrearage) to $600 per month ($500 plus $100 toward the arrearage) to account for that change. While Timothy argues the court should have terminated his support obligation entirely, the court's decision to reduce rather than eliminate that obligation is supported by substantial evidence. Timothy anticipated he would receive $1,983.00 per month in unemployment benefits and also had $92 per month in rental income. He disclosed $3,600 in other assets ($600 in bank accounts and $3,000 in "[s]tocks, bonds, and other assets"). The combination of income and assets declared by Timothy is substantial evidence from which the court could find Timothy able to pay the reduced spousal support amount, even with estimated expenses of $3,698 per month. Importantly, the court also set a review hearing for April 19, less than a month after the March 25, 2013 hearing, to review whether Timothy's job search efforts were successful. In the event Timothy continued to be unemployed despite his compliance with the seek work order, Timothy could make a new request to further reduce support. Because substantial evidence supports the trial court's decision that

7

Timothy had the present ability to pay a total of $600 per month, at least for some temporary period, we find no abuse of discretion.

## B. SEEK WORK ORDER

In addition to reducing Timothy's support obligation, the court ordered Timothy to "seek work at a rate of no less than 5 job inquiries, applications or interviews per week, to keep detailed job search logs, and to provide copies of job search logs to the court at the next hearing." Timothy asserts the order must be reversed because it exceeds the trial court's jurisdiction under sections 2010 and 4505 of the Family Code.

Section 2010 defines the jurisdiction of trial courts in dissolution proceedings. It states, in relevant part: "In a proceeding for dissolution of marriage, ... the court has jurisdiction to inquire into and render any judgment and make orders that are appropriate concerning," among other things, "support of either party." (§ 2010, subd. (d).) Section 4505, subdivision (a), states that "[a] court may require a parent who alleges that the parent's default in a child or family support order is due to the parent's unemployment to submit to the appropriate child support enforcement agency or any other entity designated by the court, including, but not limited to, the court itself, each two weeks, or at a frequency deemed appropriate by the court, a list of at least five different places the parent has applied for employment." (§ 4505, subd. (a).) Timothy notes that section 4505 applies only to "child and family support orders" and argues that trial courts therefore have no power to impose seek work orders in cases involving solely spousal support.

Though we agree that section 4505 does not apply to spousal support orders, that section does not limit the trial court's more general authority under section 2010 to impose seek work requirements as an order concerning the "support of either party." (§ 2010, subd. (d).) As Timothy himself concedes, section 2010 has been broadly construed to allow courts to make orders concerning support that are not specifically authorized by other sections of the Family Code. (*In re Marriage of Stimel* (1996) 49 Cal.App.4th 991,

8

995-996 [finding trial court had authority to consider former wife's request to order former husband to obtain life insurance in his name for which she would pay the premiums because while "not support *per se* it certainly *concerns* support"], original italics.) The trial court acted within its discretion in issuing the seek work order to encourage Timothy to obtain employment and to keep Carol and the court apprised of his efforts. This is especially true in light of Timothy's acknowledged failure to comply with the July 2002 order which imposed similar requirements.

## C. RETROACTIVITY

Timothy's final argument is that the trial court erred by making the spousal support modification effective on March 25, 2013, the date of the hearing, instead of February 19, 2013, the date Carol was served with his request to modify support. Timothy cites section 3653, subdivision (b), which states that orders modifying or terminating support "due to the unemployment of ... the support obligor ... shall be made retroactive to the ... date of the service on the opposing party of the notice of motion ... to modify or terminate ... unless the court finds good cause not to make the order retroactive and states its reasons on the record." (§ 3653, subd. (b).)

" 'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method ... .' [Citation.]" (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1; see also *In re Marriage of Christie* (1994) 28 Cal.App.4th 849, 865 [finding argument not raised in trial court forfeited on appeal].) At the March 2013 hearing, a court clerk sought clarification of the effective date from the court and Timothy's attorney did not object when the court stated the effective date of the order was the hearing date rather than five weeks earlier when Carol was served with the modification request. Because Timothy did not object in the trial court to the effective date of the order, he has forfeited that argument.

9

### III. DISPOSITION

The order modifying spousal support and requiring Timothy to seek work is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Bamattre-Manoukian, Acting P.J.



_____

Mihara, J.