Filed 8/31/23  Marriage of Rahimi CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re the Marriage of STORAY and ARYAN RAHIMI. | C097062 |
| STORAY RAHIMI, | (Super. Ct. No. FL2020816) |
| Respondent, | |
| v. | |
| ARYAN RAHIMI, | |
| Appellant. | |

This is a marital dissolution case between appellant Aryan Rahimi (husband) and respondent Storay Rahimi (wife).  On appeal, husband challenges the trial court's judgment dividing community property and awarding spousal support.  He further contends that the trial court was biased against him.  We find no error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Husband has elected to proceed with only the clerk's transcript. We establish from this limited record that the parties were married in 2004 and separated in 2020. Following a bench trial, the trial court entered a judgment on reserved issues determining child custody and visitation, child support, spousal support, and division of property.

The trial court awarded husband the following community property assets: 25 percent of the value of the marital home; 100 percent of the properties owned by husband in Afghanistan, which the trial court valued at $360,000; and 50 percent of any jewelry existing at the time of separation. The trial court further ordered husband to pay $480 per month in spousal support from September 2022 to August 2032.

In dividing the community property, the trial court considered "the economic misconduct of the Husband." It stated in the judgment: "Based on evidence and testimony presented during the Trial, and the Court's determination of the credibility of that testimony, the Court believes Husband has been hiding and misusing community assets and finds that he has breached his fiduciary duty to his spouse. The evidence shows that Husband violated the Automatic Temporary Restraining Orders found on the Summons . . . . He has transferred, concealed, and disposed of community property without consent of the spouse and without order of the Court. Husband's economic misconduct has been to the detriment of Wife. The Court believes this misconduct and breach of fiduciary duty warrants any inequality in the division of the community and quasi-community property in Wife's benefit."

In determining the duration and amount of spousal support, the trial court noted the parties lived an upper middle class lifestyle during marriage; husband had perpetrated domestic violence; wife needed more support and training to obtain marketable skills and was unable to maintain the standard of living established during the marriage; wife was primarily responsible for the care of the parties' children and domestic duties; husband

2

had sources of income in addition to his wages; and the marriage was of long duration. Thus, the trial court found that wife's hardship was greater.

## DISCUSSION

### I

### *Standard of Review*

Our review is governed by a fundamental principle of appellate practice: " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

And because this appeal comes to us on the clerk's transcript only, we treat it as an appeal on the judgment roll. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) On such an appeal, we presume the trial court's findings are supported by evidence, and our review is limited to determining whether any error appears on the face of the record. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; Cal. Rules of Court, rule 8.163.)

### II

### *Marital Home*

Husband contends the marital home is his separate property because it was purchased with funds traced to a business he founded in 1996. We disagree.

In California, property acquired during marriage is presumed to be community property. (Fam. Code, § 760; statutory section citations that follow are found in the Family Code unless otherwise stated.) A spouse may overcome this presumption by "tracing the source of funds used to acquire the property to separate property." (*In re Brace* (2020) 9 Cal.5th 903, 914.) "A spouse's claim that property acquired during a marriage is separate property must be proven by a preponderance of the evidence." (*In re Marriage of Valli* (2014) 58 Cal.4th 1396, 1400.)

3

Here, the record contains no evidence of the purchase of the marital home, such as the price or date. It further lacks documented withdrawals of funds from any bank accounts relating to a home purchase. Thus, we are unable to discern the source of the funds used to purchase the marital home. Because the record is silent, we presume the trial court's characterization of the marital home to be correct. (*Denham v. Superior Court, supra*, 2 Cal.3d at p. 564.)

### III

### *Properties in Afghanistan*

Husband contends the trial court lacked authority to award the properties in Afghanistan and it erred in valuing the properties at $360,000. We disagree and begin by noting two points.

First, although a California court cannot directly affect title to non-California property, it has the power to determine the interest in such property and divide it as part of the marital dissolution proceedings. (§ 2660; *In re Marriage of Ben-Yehoshua* (1979) 91 Cal.App.3d 259, 269.) Thus, the trial court may properly award the value of the properties in Afghanistan to husband.

Second, the trial court has broad discretion to make "an independent determination of value based upon the evidence presented on the factors to be considered and the weight given to each. The trial court is not required to accept the opinion of any expert as to the value of an asset." (*In re Marriage of Bergman* (1985) 168 Cal.App.3d 742, 753.) "The trial court's determination of the value of a particular asset is a factual one and as long as that determination is within the range of the evidence presented, we will uphold it on appeal." (*In re Marriage of Duncan* (2001) 90 Cal.App.4th 617, 632.)

Here, the record contains conflicting evidence regarding the value of the properties: (1) a declaration by wife stated the parties owned eight properties in Afghanistan with a total value of $400,000; (2) a schedule of assets and debts submitted by wife listed three properties in Afghanistan with unknown value; and (3) a valuation

submitted by husband from an estimator in Afghanistan was of the opinion that, in a certain development, a three-bedroom apartment was worth $30,000 and a four-bedroom apartment was worth $35,000. Based on wife's declaration and schedule, the parties owned more than two properties in Afghanistan. But the estimator provided valuation for only a three-bedroom and a four-bedroom apartment, without specifying how many of these apartments were owned by the parties or by the husband. Regardless, the evidence presented had a range between $400,000 (based on wife's declaration) and $65,000 (based on the estimator's valuation and assuming the parties owned two apartments in Afghanistan). The trial court's $360,000 valuation fell within this range and is not affirmatively disproved by any other evidence in the record. We therefore uphold the valuation.

Husband further claims there is a $300,000 loan associated with the properties, and requests that "properties in Afghanistan either to be considered my sole and separate properties or the $300,000 loan needs to be paid off first, as a community loan associate[d] with the community property." Because the trial court awarded the properties to husband as his separate properties and husband does not challenge this award on appeal, we need not address the characterization of the $300,000 loan associated with the properties.

IV

*Breach of Fiduciary Duty*

Husband challenges the trial court's finding that he breached his fiduciary duty to wife by concealing community assets. But he cites no legal authority to support this challenge. The only record citation he provides is a list of wife's income and savings he prepared, which has no bearings on whether he breached his fiduciary duty. We thus do not need to consider this conclusory argument and uphold the trial court's findings. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.)

5

V

*Watts Charges*

Husband contends that the trial court erred in failing to impose on wife charges under *In re Marriage of Watts* (1985) 171 Cal.App.3d 366 (*Watts*) and *In re Marriage of Jeffries* (1991) 228 Cal.App.3d 548 (*Jeffries*). We disagree.

"Where one spouse has the exclusive use of a community asset during the period between separation and trial, that spouse may be required to compensate the community for the reasonable value of that use." (*In re Marriage of Garcia* (1990) 224 Cal.App.3d 885, 890; accord, *Watts, supra*, 171 Cal.App.3d at pp. 372-374.) The right to such compensation is commonly known as a " '*Watts* charge.' " (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 978.) Moreover, when a spouse makes payments on the community residence that the other spouse was exclusively using postseparation, with his separate funds after separation, he is entitled to reimbursement. (*Jeffries, supra*, 228 Cal.App.3d at p. 555.)

*Watts* charges are not automatically imposed. Rather, the trial court must "tak[e] into account all circumstances" relating to the exclusive possession. (*Watts, supra*, 171 Cal.App.3d at p. 374.)

Here, the marital home was acquired in cash, and husband does not contend that he made mortgage payments with his separate funds after separation. *Jeffries* therefore does not apply to allow mortgage payment credits to husband. The record also contains no evidence relating to wife's exclusive possession of the marital home. We thus presume the trial court considered all factors and properly declined to impose *Watts* charges on wife. (*Denham v. Superior Court, supra*, 2 Cal.3d at p. 564.)

VI

*Spousal Support*

Husband contends that the trial court erred in awarding spousal support for 12 years, or 75 percent of the duration of the marriage. According to husband, a reasonable

period should be between 15 percent and 50 percent of the length of the marriage, as established by common practice, and the trial court should have considered the stated goal in section 4320 for wife to become self-supporting. We disagree.

"In making its spousal support order, the trial court possesses broad discretion so as to fairly exercise the weighing process contemplated by section 4320, with the goal of accomplishing substantial justice for the parties in the case before it." (*In re Marriage of Kerr* (1999) 77 Cal.App.4th 87, 93.) The trial court's decision as to amount and duration of spousal support will not be reversed on appeal absent an abuse of discretion. (*Ibid.*)

Section 4320 provides a nonexhaustive list of factors for the trial court to consider in ordering spousal supports. These factors include, as relevant here, the supported party's marketable skills and earning capacity, the ability of the supporting party to pay spousal support, the needs of each party based on the standard of living established during the marriage, the obligations and assets of each party, the duration of the marriage, the balance of hardships to each party, and the goal that the supported party shall be self-supporting within a reasonable period of time. (§ 4320.)

Here, after considering the section 4320 factors, the trial court ordered husband to pay 10 years of spousal support, from September 2022 to August 2023. Wife had limited education and work experience because she was primarily responsible for domestic duties and childcare during the marriage. Although she was enrolled in community college and was working part time, she was not able to maintain the upper middle class lifestyle established during marriage. Wife also suffered from domestic violence perpetrated by husband. On the other hand, husband had multiple sources of income, including his salary. Although section 4320, subdivision (l) states that the "reasonable period of time" for the supported spouse to become self-supporting is "generally" "one-half of the length of the marriage," that subdivision also specifies that this standard does not apply "in the case of a marriage of long duration" such as the one here. (§ 4336, subd. (b) [defining

7

marriage of 10 years or more as a marriage of long duration].)  Thus, the trial court did not abuse its discretion in awarding spousal support for 10 years.

Husband further contends the trial was not for the purpose of determining spousal support and asks us to reinstate an earlier spousal support order entered by a different judge.  Nothing in the record contains the purpose of the trial, and the judgment states only that it is on "reserved issues."  The alleged spousal support order is also absent from the record.  We thus decline husband's request.

## VII

### *Jewelry*

The trial court awarded each party "50% of any gold/jewelry existing at the time of separation."  On appeal, husband requests:  "I must be reimbursed for $25,000 or she can split the go[ld] 50/50."  The trial court's ruling is consistent with husband's request on appeal; we thus do not modify the judgment.  To the extent husband contends the minute order stated the court had "no clear picture of where the gold/jewelry is," we do not review the trial court's reasoning on appeal.  (*Myers v. Raley's* (2019) 32 Cal.App.5th 1239, 1251.)

## VIII

### *Bias*

Husband contends the trial court was biased against him, alleging the trial court unreasonably delayed his trial, treated him unfairly during trial, allowed wife more time to present her case, and entered multiple unfavorable rulings against him.  We will not address husband's contentions about the delay of trial and the comments at trial because they are unsupported by citation to the record.  (*City of Santa Maria v. Adam, supra*, 211 Cal.App.4th at pp. 286-287.)  Regarding the allocation of time for the parties during trial, this does not demonstrate judicial bias, and husband makes no claim that he was denied a chance to fully present his case.  Moreover, a trial court's "numerous and continuous rulings against a litigant . . . form no ground for a charge of bias or

8

prejudice." (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795-796.)

Husband further contends that the trial court was biased because it overruled his evidentiary objection for failure to provide sufficient notice to wife but allowed wife to admit a thumb drive into evidence without giving him a copy or an opportunity to respond. However, husband provides no legal authority to support his argument and cites only a minute order in the record noting several witnesses testified and a thumb drive submitted by wife was admitted at trial. This is insufficient to demonstrate judicial bias. We therefore reject husband's claim.

## DISPOSITION

The judgment is affirmed. Wife shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)&(2).)


 /s/
MESIWALA, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
DUARTE, J.


9